*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-12-0000654
12-AUG-2014
09:07 AM**

SCWC-12-0000654

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

YOSHIRO SANNEY,
Petitioner/Defendant-Appellant.

---

CERITORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000654; CR. NO. 10-1-1570)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, and Pollack, JJ.,
and Circuit Judge Nacino, assigned by reason of vacancy)

This case concerns the Circuit Court of the First Circuit's (circuit court) summary denial of Petitioner/Defendant-Appellant Yoshiro Sanney's (Sanney) motion to reconsider sentence filed pursuant to the Hawaiʻi Rules of Penal Procedure (HRPP) Rule 35. We hold that the circuit court erred in denying Sanney's motion without holding a hearing.

## I.  BACKGROUND

On September 22, 2010, Sanney was indicted on one count of sexual assault in the second degree in violation of HRS § 707-731(1)(b) (Supp. 2010)[1], for "knowingly subject[ing] to sexual penetration, [Complaining Witness (CW)], who was mentally incapacitated, or physically helpless, by placing his mouth on her genitalia."  Sanney was also indicted on one count of sexual assault in the second degree in violation of HRS §§ 705-500 (1993)[2] and 707-731(1)(b), for "intentionally engag[ing] in

---

[1]  HRS § 707-731(1)(b) provided then, as it does now, in pertinent part:

> (1) A person commits the offense of sexual assault in the second degree if:
>
> . . . .
>
>> (b) The person knowingly subjects to sexual penetration another person who is mentally incapacitated or physically helpless . . . .

[2]  HRS § 705-500 provided then, as it does now:

> (1) A person is guilty of an attempt to commit a crime if the person:
>
>> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
>>
>> (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances

(continued...)

2

conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in his commission of the crime of [s]exual [a]ssault in the [s]econd [d]egree against [CW]."

Sanney initially pleaded not guilty.  On July 13, 2011, Sanney appeared in the circuit court[3] at a change of plea hearing and entered a plea of no contest to the charges of sexual assault in the second degree and attempted sexual assault in the second degree.  Prior to the entry of the change of plea, Sanney's counsel indicated that the circuit court had given an inclination of a sentence of probation with up to 18 months in jail.  The circuit court stated that "an inclination is not a promise" and clarified that its final sentencing determination would be based, in part, on information provided in the forthcoming presentence report (PSI).  The circuit court informed Sanney that he was facing a maximum sentence of forty years.

At the sentencing hearing on September 21, 2011, the circuit court stated that it had "concern[s] about some of the

---

[2](...continued)
      specified in the definition of the crime, the person
      intentionally engages in conduct which is a substantial step
      in a course of conduct intended or known to cause such a
      result.

      (3) Conduct shall not be considered a substantial step under
      this section unless it is strongly corroborative of the
      defendant's criminal intent.

[3]     The Honorable Karen S.S. Ahn presided.

representations in that PSI which, to [it, were] different from the representations that were made at the time of the change of plea and based upon which the court did give its inclination of probation with an uncertain jail term." At the subsequent sentencing hearing on September 26, 2011, the circuit court stated that in light of the new information in the PSI, it was sentencing Sanney to ten years of prison on both counts, with the terms to run concurrently.

On December 22, 2011, Sanney filed a motion to reconsider sentence pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 35. The grounds for the motion were stated as:

> a. The Defendant was sentenced on September 26, 2011 to concurrent open ten (10) year terms of incarceration. Exhibit "A".
>
> b. Defendant has been incarcerated since September 15, 2010 and is now being held at the Halawa Correctional Facility.
>
> c. Since Defendant has been sentenced to prison, he has had a lot of time to reflect about the incidents that occurred in this case.
>
> d. Defendant would like another opportunity to address the Court regarding his sentence in this case and is requesting that the Court reconsider the sentence imposed on September 26, 2011 and sentence him to probation.

On January 11, 2012, Sanney's attorney filed a motion to withdraw as counsel and have substitute counsel appointed; the motion alleged "a break-down in the attorney-client relationship between [Sanney] and his defense counsel."

The circuit court held a hearing on both motions on

4

January 23, 2012. After hearing from Sanney and his defense counsel, the circuit court granted the motion for withdrawal. The circuit court then allowed Sanney to decide whether to proceed with a hearing on the motion to reconsider sentence, represented by his former counsel, or whether to delay that motion for six months and allow his new counsel to handle it. Sanney ultimately decided to allow his new counsel to handle the motion to reconsider sentence and the circuit court scheduled a hearing for six months in the future, June 25, 2012.

On January 24, 2012, Sanney was appointed new counsel. On June 21, 2012, four days before the scheduled hearing, the circuit court entered an order summarily denying Sanney's motion to reconsider sentence. The circuit court stated that "following a review of the Motion, attached Declaration of Counsel and the records and files of the instant matter, the Court finds that the Motion fails to state any new evidence that would warrant the Court to reconsider its prior ruling."

Sanney appealed to the ICA arguing that the circuit court abused its discretion in summarily denying his motion to reconsider sentence without holding a hearing. In a summary disposition order, the ICA affirmed the circuit court's denial of Sanney's motion for reconsideration of sentence. State v. Sanney, No. CAAP-12-0000654, 2013 WL 3776162 (App. July 8, 2013)

(SDO).  The court reasoned:

> Sanney cites to no authority that would have entitled him to a hearing on his motion pursuant to Hawaiʻi Rules of Penal Procedure Rule 35(b), and we find none.  Sanney argues he could have brought matters to the attention of the circuit court if he had a hearing but does not explain why these matters could not have been brought to the attention of the court in his motion for reconsideration or by written submittal in support of his motion.

Id. at \*1.

Sanney filed an application for writ of certiorari with this court arguing that the ICA erred in concluding that the circuit court did not abuse its discretion in summarily denying the motion to reconsider sentence without holding a hearing.

## II.  DISCUSSION

On application for writ of certiorari to this court, Sanney argues that the circuit court abused its discretion in summarily denying his motion for reconsideration without a hearing.[4]  "'The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed.'"  Barnett v. State, 91 Hawaiʻi 20, 26, 979 P.2d 1046, 1052 (1999) (quoting State v. Valera, 74 Haw. 424, 439, 848

---

[4]     In a tangentially related argument, Sanney claims that the circuit court erred in denying his motion for reconsideration because there was no "new information" in the PSI to justify the circuit court's departure from its initial inclination.  It is unnecessary to address this argument as we resolve the case on other grounds.

P.2d 376, 383 (1993)).  "To constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006).

Motions for a reduction or reconsideration of sentence are governed by Hawaiʻi Rules of Penal Procedure (HRPP) Rule 35(b).  HRPP Rule 35(b) states:

> The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction.  A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired.  The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

HRPP Rule 35(b).  The plain language of HRPP Rule 35(b) does not require the trial court to conduct a hearing before denying a motion to reconsider or reduce a sentence.  This court has yet to address the issue of whether the trial court must conduct a hearing prior to denying a motion for reconsideration or reduction of sentence.[5]

Regardless of whether an HRPP Rule 35(b) motion always

---

[5]  Because HRPP Rule 35(b) contains no requirement of new evidence, the better practice in motions for reconsideration or reduction of sentence would be to hold a hearing to allow the defendant to explain the reasons a reconsideration or reduction of sentence is warranted.

requires a hearing, the issue at bar may be decided on the narrow facts of this case. Here, the court granted Sanney's attorney's motion for withdrawal prior to hearing Sanney's motion to reconsider sentence. Had Sanney's attorney not withdrawn as counsel, on January 23, 2012, Sanney would have had the opportunity to present arguments in support of his motion to reconsider sentence. Instead, Sanney chose to allow his new counsel to handle the motion, and the court postponed the hearing to June 25, 2012 to allow new counsel to be appointed. Then, on June 21, 2012, the circuit court entered its order summarily denying Sanney's motion to reconsider sentence.

The circuit court abused its discretion in summarily denying the motion for reconsideration without a hearing after allowing substitution of counsel and setting the matter for a hearing. The court provided no justification for rescheduling the hearing, and then subsequently denying the motion before the hearing was held. The court's only stated reason for denying Sanney's motion was Sanney's failure to present new evidence. However HRPP Rule 35 does not require defendants to present new evidence when moving for a reconsideration of sentence. Based on the facts of this case, the circuit court erred when it denied Sanney's motion to reconsider sentence without conducting a hearing and the ICA erred in affirming the circuit court's

8

summary denial.

## IV.  CONCLUSION

Due to the errors identified above, we vacate the ICA's August 21, 2013, judgment on appeal and remand this case to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, August 12, 2014.

| | |
|---|---|
| Shawn A. Luiz<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Donn Fudo<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Edwin C. Nacino |

